Zachary P. Takos, Esq., Nevada Bar No. 11293
Steven R. Hart, Esq., Nevada Bar No. 15418
**TAKOS LAW GROUP, LTD.**
10785 West Twain Avenue, Suite 226
Las Vegas, Nevada 89135
Telephone: 702.658.1900
Facsimile: 702.924.4422
Email:  zach@takoslaw.com
        steven@takoslaw.com

*Counsel for Baxter Bailey & Associates Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BAXTER BAILEY AND ASSOCIATES INC., a Mississippi corporation,<br><br>Plaintiff,<br><br>v.<br><br>AG LIGHT AND SOUND INC., a Nevada corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive;<br><br>Defendants. | Civil Case No:<br><br>**COMPLAINT** |

Plaintiff Baxter Bailey & Associates Inc., by and through its counsel of record, the law firm of Takos Law Group, Ltd., hereby complains against the above-named defendants as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Baxter Bailey & Associates Inc. ("Baxter Bailey" or "Plaintiff") is, and at all relevant times was, a corporation duly organized under the laws of the state of Mississippi.

2. Upon information and belief, Defendant AG Light and Sound Inc. ("AG" or "Defendant") is a corporation duly organized under the laws of the state of Nevada.

3. The United States District Court for the District of Nevada has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. The acts and events at issue in this complaint involve and relate to conduct and controversies that occurred in Clark County, Nevada. Defendant participated in, and/or continues to participate in, the activities that are at issue in this matter, which activities occurred in Clark County, Nevada. Additionally, Defendant regularly conducts business in Clark County, Nevada. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

5. The true names, identities, and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does I through X, inclusive, and Roe Corporations I through X, inclusive ("Doe and Roe Defendants"), are presently unknown to Plaintiff, who therefore sues such Doe and Roe Defendants by fictitious names. Plaintiff is informed and believes, and upon such information and belief, alleges that the Doe and Roe Defendants are legally responsible in some manner for the unlawful acts and/or omissions hereinafter described. Plaintiff will seek leave of Court to amend this complaint to reflect the true names and capacities of each of the Doe and Roe Defendants as and when such information is ascertained.

## GENERAL ALLEGATIONS

6. In or around November 2021, AG arranged for shipping services to be provided to it by New Direx Incorporated ("New Direx") for the transportation and delivery of staging equipment and other materials.

7. This shipping arrangement is documented through invoices provided to AG by New Direx.

8. Baxter Bailey, as assignee of New Direx, is the holder and owner of the outstanding debt for fees owed for the shipping services provided to AG by New Direx.

9. AG is indebted to Baxter Bailey as the holder and owner of the outstanding debt for fees owed for shipping services provided to AG by New Direx.

10. AG was required to make timely payments to Baxter Bailey for the shipping services provided to AG.

11. Despite due demand, AG has failed to pay Baxter Bailey the amounts due, and Baxter Bailey is owed an amount in excess of $75,000.00.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

12. Baxter Bailey repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

13. Baxter Bailey is the holder and owner of the outstanding debt for fees owed for the shipping services provided to AG by New Direx.

14. AG is indebted to Baxter Bailey as the holder and owner of the outstanding debt for fees owed for shipping services provided to AG.

15. AG has failed to make timely payments to Baxter Bailey for the shipping services provided to AG.

16. Despite due demand, AG has failed and refused to pay Baxter Bailey the amounts due, and Baxter Bailey is owed an amount in excess of $75,000.00.

17. Baxter Bailey has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing)**

18. Baxter Bailey repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19. The agreement between AG and New Direx for shipping services contains an implied covenant of good faith and fair dealing under Nevada law.

20. AG has breached its agreement with New Direx and has acted in bad faith towards New Direx in violation of the implied covenant.

21. As a direct and proximate result of the actions and conduct of AG, Baxter Bailey, as the assignee of New Direx, has been damaged in an amount in excess of $75,000.00.

22. Baxter Bailey has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**(Unjust Enrichment—In The Alternative)**

23. Baxter Bailey repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24. Alternatively, AG received a benefit from the shipping services provided by New Direx.

25. By failing to pay New Direx' assignee, Baxter Bailey, for those shipping services, AG has been unjustly enriched.

26. As a direct and proximate result of the actions and conduct of AG, Baxter Bailey has been damaged in an amount in excess of $75,000.00.

27. Baxter Bailey has been required to hire an attorney to prosecute this action and, therefore, seeks recovery of its attorneys' fees and costs.

WHEREFORE, Baxter Bailey prays for the following relief:

1. Judgment in an amount to be determined at trial, but in excess of $75,000.00;
2. Pre and post judgment interest;
3. Punitive damages;
4. Attorneys' fees and costs of suit; and
5. Any further relief the Court may deem just and proper.

DATED this 19th day of May, 2022.

TAKOS LAW GROUP, LTD.

     /s/ Zachary P. Takos
Zachary P. Takos, Esq., Nevada Bar No. 11293
Steven R. Hart, Esq., Nevada Bar No. 15418
10785 West Twain Avenue, Suite 226
Las Vegas, Nevada 89135

*Counsel for Baxter Bailey & Associates Inc.*