UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BAXTER BAILEY AND ASSOCIATES, INC., | Case No. 2:22-cv-00794-MMD-VCF |
| Plaintiff, | ORDER |
| v. | |
| AG LIGHT AND SOUND, INC., | |
| Defendant. | |

## I.    SUMMARY

This action involves a dispute about payment of debt owed for delivery of materials and equipment that Defendant AG Lighting and Sound, Inc. provided for a Halloween event referred to as Freaky Deaky. New Direx Incorporated provided the delivery services and had assigned rights to collect on any debt owed to Plaintiff Baxter Bailey and Associates. Before the Court are the parties' cross-motions for summary judgment. (ECF Nos. 15 ("Defendant's Motion"), 16 ("Plaintiff's Motion").[1]) As explained below, the Court finds that genuine issues of material fact exist to preclude summary judgment and denies both motions.

## II.    BACKGROUND

The following facts are undisputed unless noted otherwise.[2]

---

[1] The Court has reviewed the briefs relating to both motions. (ECF Nos. 17, 18, 19, 20.)

[2] AG raises several objections to the evidence Plaintiff offered in support of Plaintiff's Motion and its opposition to Defendant's Motion, which the Court finds unnecessary to resolve in deciding the parties' motions. Both motions rely on the deposition testimony of AG's 30(b)(6) witness (Andrew Gumper), and attached Gumper's entire deposition transcript, albeit in both the normal version (Exhibit 1 to Plaintiff's Motion) and condensed version (Exhibit D to Defendant's Motion). The Court alternatively cites to Gumper's deposition attached to both motions.

1      AG arranged for New Direx to transport staging equipment and materials for

2   several events in 2021, including the Freaky Deaky project and the project referred to as

3   Overtime Elite ("OTE"). (ECF No. 16 at 3, 82-84; ECF No. 16 at 50-53 (Gumper's

4   testimony about services for two projects, Freaky Deaky and Overtime Elite).) AG does

5   not dispute that New Direx provided the delivery services. (ECF No. 15 at 50 (Gumper's

6   testimony that the equipment was delivered for an event in Baytown, Texas that they

7   referred to as Freaky Deaky in 2021).) Nor does AG dispute that the three invoices add

8   up to $90,100. (ECF No. 16 at 82-85 (three invoices ("the Invoices")); ECF No. 15 at 52.)

9   Baxter alleges that AG did not pay for the services and as New Direx's assignee, Baxter

10  seeks to collect on the debt.[3] (ECF No. 1 at 2; ECF No. 16 at 3.)

11      AG disputes the debt owed and counters that the debt was satisfied under an

12  agreement with New Direx where it paid New Direx $189,000.00 to discharge all

13  outstanding obligations.[4] (ECF No. 15 at 4.) Specifically, Gumper testified that AG had

14  used deposits received for the Freaky Deaky project to pay New Direx the oldest invoices,

15  which happened to be OTE invoices; but when Overtime Elite was not paying AG, AG

16  then asked New Direx to apply payments it had made on the Overtime Elite project to the

17  Freaky Deaky invoices, and AG then negotiated a settlement to pay a percentage of the

18  remaining open invoices involving Overtime Elite. (ECF No. 15 at 51-53.) In other words,

19  according to Gumper, Freaky Deaky's invoices were paid, and AG and New Direx settled

20  the invoices involving Overtime Elite.

21      Plaintiff asserts three claims: breach of contract, breach of the implied covenant of

22  good faith and fair dealing, and unjust enrichment. (ECF No. 1.) Plaintiff's Motion seeks

23  summary judgment on the first and third claim. (ECF No. 16.) Defendant's Motion seeks

24  summary judgment on all three claims. (ECF No. 15.)

25

26      [3]On January 3, 2021, New Direx assigned its rights to all obligations owed to
    Baxter. (ECF No. 16 at 106.)
27

28      [4]AG disputes the existence of a contract with New Direx and does not concede
    that the Invoices evidenced the terms of any agreement with New Direx. (ECF No. 15 at
    3.)

2

1    **III.    DISCUSSION**

2         The parties' motions present similar arguments for cross summary judgment on

3    Baxter's claims. The Court finds that material issues of fact remain as to the existence of

4    the outstanding debt to preclude summary judgment. The Court will first address AG's

5    accord and satisfaction defense, and then will address the parties' arguments on Baxter's

6    three claims collectively.

7              **A.       AG's Accord and Satisfaction Argument**

8         As the party availing itself of accord and satisfaction, AG "bears the burden of proof

9    and must establish *clearly* that there was a meeting of the minds of the parties,

10   accompanied by a sufficient consideration." *Walden v. Backus,* 408 P.2d 712, 713-14

11   (Nev. 1965) (emphasis in original). But viewing the evidence in the light most favorable

12   to Baxter as the non-moving party on Defendant's Motion, AG has not "clearly" shown

13   there was a meeting of the minds that the settlement of outstanding debt on the OTE

14   invoices covered unpaid invoices for the Freaky Deaky project.

15        AG relied on Gumper's deposition testimony that he discussed with New Direx's

16   representative about applying payment AG had made on the Overtime Elite project to the

17   Freaky Deaky project and they would settle any unpaid invoices on the Overtime Elite

18   project. (ECF No. 15 at 51-53.) However, when viewed in the light most favorable to

19   Baxter, Gumper's testimony could reasonably be construed to support Baxter's

20   contention that the settlement was a compromise on the outstanding invoices involving

21   Overtime Elite, not an accord and satisfaction on the Freaky Deaky invoices. Moreover,

22   Gumper also testified that within a week from the settlement they received all the Freaky

23   Deaky invoices back from New Direx and a demand for payment, claiming the debt was

24   separate from the settlement involving the OTE invoices. (*Id.*) And as Baxter pointed out

25   in opposition, the email that AG cites as support for confirmation of the settlement (Exhibit

26   E to Defendant's Motion (ECF No. 15 at 58)) does not even reference any such

27   agreement. The email discusses reversing some invoices and what was owed, but there

28   is no reference to the invoices that Baxter claims relates to the Freaky Deaky project or

to any project in particular. Finally, the document that appears to evidence the release of claims relates to OTE for payment of $189,000.00 and made no reference to the Freaky Deaky invoices. (ECF No. 16 at 110.)

### B.   Baxter's Claims

Baxter's three claims are premised on the existence of the agreement between AG and New Direx to deliver equipment for the Freaky Deaky project as evidenced by the Invoices, and on AG's failure to pay on the Invoices. (ECF No. 1.)

As to Baxter's first claim for breach of contract, Baxter argues there is no dispute that the debt remains unpaid. (ECF No. 16 at 5-6.). AG counters that Baxter fails to offer admissible evidence to support the existence of an agreement or its terms (ECF No. 15 at 6-7). AG insists that Baxter's 30(b)(6) witness, Marcus Sherwood, could not identify the terms of the agreement and had no first-hand knowledge about the services provided and the rates to be charged. (ECF No. 15 at 7.) Baxter argues that the Invoices and Gumper's testimony support the existence of the agreement for delivery services for the Freaky Deaky project.

Viewing the evidence in the light most favorable to the non-moving party in considering the cross-motions, a rational trier of fact could find that Gumper's testimony supports the existence of the agreement for New Direx to deliver equipment and materials for the Freaky Deaky event (ECF No. 15 at 50 (Gumper's testimony that the equipment was delivered for an event called Freaky Deaky); ECF No. 16 at 44 (same)), New Direx's completion of the delivery services rendered under the Invoices (ECF No. 15 at 51-54 (Gumper's testimony about payment to New Direx on the Freaky Deaky project and the total amounts of the Invoices)), and the settlement that led to payment on the OTE project was unrelated to payment on the Freaky Deaky project. For example, Gumper testified that AG had used Freaky Deaky's deposits to pay the oldest invoices (*i.e.*, OTE's invoices). (ECF No. 15 at 51-54.) While he explained that AG asked New Direx to later apply the payments to Freaky Deaky when OTE was not paying, the evidence offered—the email (Exhibit E to Defendant's Motion (ECF No 15 at 58))—does not support his

1    testimony. In sum, a rational trier of fact could reasonably find that AG and New Direx

2    had an agreement for delivery of materials for the Freaky Deaky project, New Direx

3    completed the delivery service, but payments were not made. The Court accordingly

4    denies the parties' respective motions on Baxter's breach of contract claim.

5          The Court similarly denies summary judgment on Baxter's remaining two claims.

6    Both the second claim for breach of the implied covenant of good faith and fair dealing

7    and the third claim for unjust enrichment are also premised on AG receiving the benefit

8    of New Direx's delivery services for the Freaky Deaky project but AG failed to pay for the

9    services. As with Baxter's breach of contract claim, AG argues there was no agreement

10   to support a claim for breach of the implied covenant of good faith and fair dealing and

11   the claim for unjust enrichment fails because accord and satisfaction bars recovery and

12   the debt had been satisfied. (ECF No. 15 at 8-9.) The same factual disputes that bar

13   summary judgment on the breach of contract claim preclude summary judgment on these

14   two claims. Baxter's arguments are premised on the Freaky Deaky invoices remaining

15   outstanding (ECF No. 16 at 9-10), which the Court has found is a dispute that must be

16   deferred to the trier of fact to resolve.

17   **IV.    CONCLUSION**

18         The Court notes that the parties made several arguments and cited to several

19   cases not discussed above. The Court has reviewed these arguments and cases and

20   determines that they do not warrant discussion as they do not affect the outcome of the

21   motions before the Court.

22         It is therefore ordered that Defendant's motion for summary judgment (ECF No.

23   15) is denied.

24         It is further ordered that Plaintiff's motion for summary judgment (ECF No. 16) is

25   denied.

26         DATED THIS 21st Day of December 2023.

27

28                                                 MIRANDA M. DU
                                              CHIEF UNITED STATES DISTRICT JUDGE