# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BAXTER BAILEY AND ASSOCIATES INC., <br><br> Plaintiff, <br><br> v. <br><br> AG LIGHT AND SOUND INC., <br><br> Defendant. | 2:22-cv-00794-MMD-MDC <br><br> **ORDER VACATING SETTLEMENT CONFERENCE AND ORDER TO SHOW CAUSE** |

On December 27, 2023, District Judge Miranda Du issued an order referring the matter for a settlement conference ("12/27/23 Order")(ECF No. 23). On January 23, 2024, the undersigned Magistrate Judge issued an order ("01/23/24 Order")(ECF No. 25) setting a Settlement Conference for 1:00pm on April 3, 2024, and ordering the parties to submit their confidential settlement briefs by March 27, 2024.

### **Defendant's Non-Compliance Re: Submission of Confidential Settlement Brief**

Plaintiff timely submitted its confidential settlement brief in compliance with the Court's 01/23/24 Order. Defendant, however, did not comply with the Court's order. Defendant did not submit its confidential settlement brief by March 27, 2024.

On April 1, 2024, defendant's counsel, Jaqueline J. Kelley, Esq., was advised of defendant's failure to comply with the Court's 01/23/24 Order, was given an opportunity to cure, and instructed to submit defendant's confidential settlement brief by April 1, 2024, at 4:00 pm. Ms. Kelley did not take advantage of that opportunity to cure, did not comply with the Court's directive, and did not submit defendant's confidential settlement brief.

As a result of defendant's noncompliance, the Court entered an order on April 2, 2024, vacating the Settlement Conference and requiring defendant to show cause why it should not be sanctioned ("04/02/24 Order")(ECF No. 28). The Court then granted the parties' stipulation (ECF Nos. 30 & 31) to

reinstate the Settlement Conference and for defendant's counsel to have another opportunity to cure and submit defendant's confidential settlement brief.  The Court's order (ECF No. 31) granting the parties' stipulation required Ms. Kelley to submit  defendant's confidential settlement brief by 9:00 am, April 3, 2023 (the day of the Settlement Conference).

Ms. Kelley, counsel, did not comply with the Court's ECF No. 31 order and did not submit defendant's confidential settlement brief by 9:00 am, April 3, 2023.  Instead, Ms. Kelley submitted a partial, non-compliant, unsigned confidential settlement brief *after* 9:00am.  Ms. Kelley did not submit a confidential settlement brief that complied with the Court's 01/23/24 Order (ECF No. 25) until April 3, 2023, at 11:24 am (just over 1 ½ hours before the start of the Settlement Conference).

**Defendant's Failure To Appear At The April 3, 2023 Settlement Conference**

Plaintiff's counsel (Steven Hart, Esq.) and plaintiff's designated person with settlement authority (Edgar Davison) were present at 1:00pm and ready to proceed with the Settlement Conference.  Mr. Davison stated that he had travelled from out-of-state to personally attend. Ms. Kelley, however, was not present at the commencement of the 1:00pm Settlement Conference but appeared approximately 20 minutes late.  Ms. Kelley then advised the Court and plaintiff that Andrew Gumper was defendant's designated person with authority, but he was "unable" to attend the Settlement Conference because he was "stuck at a project."   Plaintiff objected to proceeding without Mr. Gumper and offered to wait for him because Mr. Gumper is defendant's principal and had been deposed as defendant's Fed. R. Civ. P. 30(b)(6) designee.   The Court then ordered that Mr. Gumper appear by 2:00pm and directed Ms. Kelley to contact Mr. Gumper to advise him of the Court's order.  Defendant did not comply with the Court's order.

After conferring with Mr. Gumper, Mr. Kelley reported to the Court that Mr. Gumper would not be appearing.  Instead, defendant suddenly proposed James Watral to appear as defendant's designated person with authority.  Plaintiff objected to the designation of Mr. Watral and questioned his knowledge about the dispute between the parties.  Defendant admitted that Mr. Watral had not been disclosed as a

witness by either party.   The Court finds that Mr. Watral is not a reasonable designee, and his after-the-fact designation does not comply with the Court's 01/23/24 Order.

The Court further finds defendant did not participate in the Settlement Conference process in good faith.  Mr. Gumper's refusal to attend the Settlement Conference and the after-the-fact designation of Mr. Watral are unreasonable and not in good faith.  Defendant did not previously disclose Mr. Watral as witness with knowledge of the matters at issue. Thus, his impromptu participation was unlikely to result in sincere, good faith, and productive settlement discussions.

## **Show Cause**

Therefore, the Court finds that defendant violated the Court's orders at ECF No. 23; ECF No. 25; and ECF No. 31, as set forth above.  Appropriate non-dispositive sanctions include requiring the defendant and/or its counsel (Jaqueline J. Kelley, Esq.) to pay plaintiff its reasonable attorneys' fees and costs (including Mr. Davison's travel expenses) in connection with the Settlement Conference process. *CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 U.S. Dist. LEXIS 171631, at *9 (D. Nev. Dec. 5, 2013)(magistrate judges have authority to impose reasonable fees and costs as sanctions for failure to comply with magistrate judge's settlement conference orders or pre-trial matters); *see also* Fed. R. Civ. P. 16(f); 28 U.S.C. §1927.   Therefore, the Court orders defendant and its counsel to show cause why they should not be sanctioned, as set forth below.

Therefore, **IT IS ORDERED**:

1).     The Settlement Conference scheduled for April 3, 2024, at 1:00 p.m. is VACATED.

2).     Defendant and defendant's counsel, Jaqueline J. Kelley, Esq., shall file a brief by 4:00pm, April 10, 2024, and SHOW CAUSE why defendant and/or Ms. Kelley should not be sanctioned for (1) failure to comply with Court's orders at ECF No. 23; ECF No. 25; and ECF No. 31; (2) being substantially unprepared for the Settlement Conference; and (3) for not participating in the Settlement Conference process in good faith.

3).     Plaintiff shall by 4:00pm on April 10, 2024, file an application for reasonable attorneys' fees and costs incurred in connection with the Settlement Conference process, including any fees and costs incurred in preparing the application.

Dated:  April 8, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge