# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BAXTER BAILEY AND ASSOCIATES INC., | **2:22-cv-00794-MMD-MDC** |
| Plaintiff, | |
| v. | **ORDER AWARDING PLAINTIFF'S REASONABLE ATTORNEY'S FEES AND COSTS RE: SETTLEMENT CONFERNECE** |
| AG LIGHT AND SOUND INC., | |
| Defendant. | |

On December 27, 2023, District Judge Miranda Du issued an order referring the matter for a settlement conference ("12/27/23 Order")(ECF No. 23). On January 23, 2024, the undersigned Magistrate Judge issued an order ("01/23/24 Order")(ECF No. 25) setting a Settlement Conference for 1:00pm on April 3, 2024, and ordering the parties to submit their confidential settlement briefs by March 27, 2024.

### Defendant's Non-Compliance Re: Submission of Confidential Settlement Brief

Plaintiff timely submitted its confidential settlement brief in compliance with the Court's 01/23/24 Order. Defendant, however, did not comply with the Court's order. Defendant did not submit its confidential settlement brief by March 27, 2024.

On April 1, 2024, defendant's counsel, Jaqueline J. Kelley, Esq., was advised of defendant's failure to comply with the Court's 01/23/24 Order, was given an opportunity to cure, and instructed to submit defendant's confidential settlement brief by April 1, 2024, at 4:00 pm. Ms. Kelley did not take advantage of that opportunity to cure, did not comply with the Court's directive, and did not submit defendant's confidential settlement brief.

As a result of defendant's noncompliance, the Court entered an order on April 2, 2024, vacating the Settlement Conference and requiring defendant to show cause why it should not be sanctioned ("04/02/24 Order")(ECF No. 28). The Court then granted the parties' stipulation (ECF Nos. 30 & 31) to

reinstate the Settlement Conference and for defendant's counsel to have another opportunity to cure and submit defendant's confidential settlement brief.  The Court's order (ECF No. 31) granting the parties' stipulation required Ms. Kelley to submit defendant's confidential settlement brief by 9:00 am, April 3, 2023 (the day of the Settlement Conference).

Ms. Kelley, counsel, did not comply with the Court's ECF No. 31 order and did not submit defendant's confidential settlement brief by 9:00 am, April 3, 2023.  Instead, Ms. Kelley submitted a partial, non-compliant, unsigned confidential settlement brief *after* 9:00am.  Ms. Kelley did not submit a confidential settlement brief that complied with the Court's 01/23/24 Order (ECF No. 25) until April 3, 2023, at 11:24 am (just over 1 ½ hours before the start of the Settlement Conference).

### Defendant's Failure to Appear at The April 3, 2023, Settlement Conference

Plaintiff's counsel (Steven Hart, Esq.) and plaintiff's designated person with settlement authority (Edgar Davison) were present at 1:00pm and ready to proceed with the Settlement Conference.  Mr. Davison stated that he had travelled from out-of-state to personally attend. Ms. Kelley, however, was not present at the commencement of the 1:00pm Settlement Conference but appeared approximately 20 minutes late.  Ms. Kelley then advised the Court and plaintiff that Andrew Gumper was defendant's designated person with authority, but he was "unable" to attend the Settlement Conference because he was "stuck at a project."   Plaintiff objected to proceeding without Mr. Gumper and offered to wait for him because Mr. Gumper is defendant's principal and had been deposed as defendant's Fed. R. Civ. P. 30(b)(6) designee.   The Court then ordered that Mr. Gumper appear by 2:00pm directed Ms. Kelley to contact Mr. Gumper to advise him of the Court's order.  Defendant did not comply with the Court's order.

After conferring with Mr. Gumper, Ms. Kelley reported to the Court that Mr. Gumper would not be appearing.  Instead, defendant suddenly proposed James Watral to appear as defendant's designated person with authority.  Plaintiff objected to the designation of Mr. Watral and questioned his knowledge about the dispute between the parties.  Defendant admitted that Mr. Watral had not been disclosed a witness by either party.

2

1

**The Court Ordered Both Defendant and Counsel to Show Cause**

2

The Court found that Mr. Watral is not a reasonable designee, and his after-the-fact designation

3

does not comply with the Court's 01/23/24 Order.  The Court further found that defendant did not

4

participate in the Settlement Conference process in good faith.  Mr. Gumper's refusal to attend the

5

Settlement Conference and the after-the-fact designation of Mr. Watral were unreasonable and not in

6

good faith.  Defendant did not previously disclose Mr. Watral as witness with knowledge of the matters

7

at issue and thus, his impromptu participation was unlikely to result in sincere, good faith, and

8

productive settlement discussions.   The Court then summarized these proceedings on the record, with

9

counsel present, and ordered defendant and defendants counsel, Jaqueline J. Kelley, Esq., to file a brief

10

by 4:00pm, April 10, 2024, and SHOW CAUSE why defendant and/or Ms. Kelley should not be

11

sanctioned for: (1) failure to comply with Courts orders at ECF No. 23; ECF No. 25; and ECF No. 31;

12

(2) being substantially unprepared for the Settlement Conference; and (3) for not participating in the

13

Settlement Conference process in good faith. *See* ECF Nos. 32 and 33.

**Defendant AG Light and Sound Inc. Failed to Show Cause**

14

Imposing sanctions is not something the Court does lightly.   It is perhaps one of the more

15

dreaded judicial responsibilities.  The circumstances here are extraordinary.  The Court has already

16

found that defendant and defendant's counsel, Jacquelyn Kelley, did not comply with the Court's Order

17

(ECF Nos. 32 and 33) and did not Show Cause by 4:00PM April 10, 2024, as ordered by the Court. *See*

18

ECF No. 36.

19

Separate and apart from its written order to show cause (ECF No. 33), the Court additionally

20

entered a report and recommendation that defendant also be adjudicated in contempt of the Court's

21

orders. *See* ECF No. 34. As stated therein, the Court entered that separate report and recommendation

22

because it found defendant in contempt and only the District Judge may ultimately determine the issue

23

of contempt.  The Court advised the District Judge that it would be considering separate sanctions under

24

Fed. R. Civ. P. 16(f) in accordance with the Court's Order to Show Cause (ECF No. 33) and that the

25

District Court could consider whether any additional sanctions it deemed appropriate when ruling on the separate contempt issue.

While defendant and its counsel did not directly respond to the Court's Order to Show Cause (ECF No. 33), they filed an objection (ECF No. 34)("Objection") to the Court's report and recommendation.  The Objection is pending before the District Judge, but the undersigned has reviewed the Objection and construes the Objection as also responding to the Court's Order to Show Cause (ECF No. 33) and accepts counsel's representations for the purposes of the show cause order.  Upon such review of the Objection, the Court finds that defendant's counsel, Jaquelyn J, Kelley, Esq., has shown cause why she should not be personally sanctioned.   The Court, however, finds that defendant AG Light and Sound, Inc. did not show cause why it should not be sanctioned per Fed. R. Civ. P. 16(f).  Defendant was aware of the April 3, 2024, settlement conference and requirement for personal appearance.  *See* ECF No. 37-2, ¶7.  The construction project and road closures at issue were no surprise to defendant, as it specifically knew they would occur between April 1, 2024, and April 5, 2024, in cross hairs of the April 3, 2024, settlement conference.  ECF No. 37-2, ¶15. As defendant states, the construction project was considerable.  *Id. at* ¶¶8-15.  At no point prior to the April 3, 2024, settlement conference did defendant request the Court to appear virtually or telephonically.  Defendant also admits that its settlement principal, Andrew Gumper, knew the morning of the April 3, 2024, that his personal appearance at the settlement conference was in serious jeopardy.  *Id. at* ¶17.  Defendant, however, did not advise the Court, make any arrangement with the Court, or otherwise take any proactive, remedial action with the Court.  Instead, defendant informed the Court that Mr. Gumper was not available 20 mins *after* the scheduled start of the settlement conference.   Defendant's last-minute designation of James Watral as a person with settlement authority was not reasonable as Mr. Watral was admittedly not previously disclosed as a witness with knowledge (and discovery closed), nor did defendant establish Mr. Watral had knowledge of the dispute in order to participate in the settlement conference in good faith.

Accordingly, the Court finds that, per Rule 16(f), non-dispositive sanctions consisting of reasonable fees and costs are appropriate against defendant for; (1) defendant's violation of the Court's orders at ECF No. 23; ECF No. 25; and ECF No. 31; (2) being substantially unprepared for the Settlement Conference; and (3) for not participating in the Settlement Conference process in good faith, as set forth above.

### The Court Awards Plaintiff Its Reasonable Fees and Costs. However, Payment of the Attorneys' Fees is Deferred Until the Conclusion of The Action

Appropriate non-dispositive sanctions include requiring the defendant to pay plaintiff its reasonable attorneys' fees and costs (including Mr. Davison's travel expenses) in connection with the Settlement Conference process.  *CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760 (D. Nev. Dec. 5, 2013)(magistrate judges have authority to impose reasonable fees and costs as sanctions for failure to comply with magistrate judge's settlement conference orders or pre-trial matters).  Fed. R. Civ. P. 16(f) expressly requires that the court "**must order** the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust." *Id.*

As detailed above, defendant failed to show cause that its noncompliance with the Court's orders or the settlement conference process was justified, or that the imposition of fees and costs are unjust.

Defendant shall pay the plaintiff's costs forthwith, as discussed and ordered below. Although the Court also awards plaintiff's attorneys' fees, the Court *sua sponte* defers payment of the attorneys' fees until the conclusion of this action, as ordered below. See *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005) (confirming that "[t]he Federal Rules of Civil Procedure explicitly authorize the establishment of schedules and deadlines, in Rule 16(b), and the enforcement of those schedules by the imposition of sanctions, in Rule 16(f)"). In addition to or in lieu of other sanctions, "the court must order the party, its attorney, or both to pay the reasonable expenses-including attorneys' fees-incurred because of any noncompliance" unless the noncompliance was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Courts within the Ninth Circuit have found that a magistrate judge's authority extends to the imposition of monetary sanctions for the failure of a party to comply with the magistrate judge's settlement conference order. See *Tamura v. F.A.A.*, 908 F.2d 977 (9th Cir. 1990) (unpublished) (noting that "the uncritical assumption is that Rule 16(f)" grants authority to Magistrate Judges' authority to levy sanctions). This Court has also found that a Magistrate Judge may impose non-dispositive sanctions under the Court's inherent authority and in accordance with section 636(b)(1)(A). *See Montgomery v. Etreppid Technologies, LLC*, 2010 WL 1416771 *12 (D. Nev. April 5, 2010).

Ultimately, the Court finds that it would be unjust for plaintiff to come out of pocket for defendant's failure to attend the settlement conference. Therefore, the Court finds that it is reasonable to sanction the defendant pursuant to Rule 16(f), in part, to make the plaintiff whole.

### Reasonableness of Plaintiff's Fees and Costs

Plaintiff has submitted a *Memorandum of Costs and Fees* (ECF No. 35) setting forth $3,536.06 in costs and $8,399.00 in fees resulting from defendant's: (1) violating of the Court's orders at ECF No. 23; ECF No. 25; and ECF No. 31; (2) being substantially unprepared for the Settlement Conference; and (3) not participating in the Settlement Conference process in good faith. Defendant did not respond to the plaintiff's *Memorandum of Costs and Fees* (ECF No. 35). LR 54-14(d) provides that if no opposition is filed, the court may grant the motion after independent review of the record. In any event, the Court made an independent review of the record and the amount of the fees and costs requested.

> The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. Courts typically follow a two-step process. First, a court must calculate the lodestar amount by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Second, the court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation. Some of the relevant factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained;

(9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC*, 2013 WL 6388760, at *1 (internal quotations and citations omitted).

### 1.   *Reasonable Hourly Rate (Customary Rate) For The Requisite Skill*

Reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community" (*Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984)), which "consists of the forum in which the case is pending." *CLM Partners LLC*, 2013 WL 6388760, at *5 (*citing Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 978 (9th Cir. 2008)).  The fee applicant has the burden of producing satisfactory evidence establishing the market rates, including declarations of counsel stating that the requested rates are in line with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id*.   The opposing party "may introduce rebuttal evidence in support of a lower hourly rate." *Id.* (*citing Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001)). If the fee applicant does not meet its burden establishing the prevailing market rates, the Court may determine the rate based on its experience and knowledge of prevailing rates in the community. *CLM Partners LLC*, 2013 WL 6388760, at *5 (*citing  Bademyan v. Receivable Mgmt. Servs. Corp*., 2009 WL 605789 at *5 (C.D.Cal.2009)).

The Court finds that the hourly rates for plaintiff's counsel, Zachary P. Takos at $410 and Steven R. Hart at $350, are reasonable.  Among other things, the Court has considered counsels' reputation and experience.  Mr. Takos has been practicing law in Law Vegas for 16 years. He is the named partner of plaintiff's law firm.  He was previously an attorney at the Las Vegas office of a national firm with an excellent reputation, handling complex litigation matters.  Mr. Takos was also named Mountain States Super Lawyer between 2017-2023.  *See* ECF No. 34 at Exhibit 4.  Mr. Hart has been practicing commercial litigation for six years and in licensed in Nevada and Florida.   *See* ECF No. 34 at Exhibit 5. The Court also finds that the $75 legal assistant hourly rate for Brianna Swanson is reasonable based on the Court's experience and knowledge of prevailing legal assistant rates in the community. *See CLM*

*Partners LLC*, 2013 WL 6388760, at *5.  The Court also finds that the hourly rates of plaintiff's counsel are reasonable based on the Court's experience and knowledge of prevailing rates in the community. *Id.*

The Court further finds that plaintiff's counsel possessed the requisite skill to perform the documented services in connection with the settlement agreement.

### 2.   *Work Actually Performed / Reasonable Hours Expended*

In addition to evidence supporting the attorney fee rates claim, petitioner should also include evidence supporting the hours worked for the Court to determine if such hours were reasonably expended. *CLM Partners LLC,* 2013 WL 6388760, at *6 (citations omitted).  The Court has broad discretion in determining the reasonableness of hours claimed and to reduce the number of hours claimed.  *Id.*  Plaintiff's counsel has submitted evidence of the work actually performed.  Specifically, counsel reports 22.90 hrs. spent in connection with the settlement conference and the preparation of the related memorandum of fees and costs for total fees in the amount of $8,399.00.  Counsel submitted a Clio "Activities Report," which identifies (a) date; (b) description of service provided; (c) attorney providing the service; (d) hours spent; (e) description of the matter; and (f) hourly rate.  *See* ECF No. 34 at Exhibit 7.   In addition, plaintiff submits the declaration of legal assistant Brianna Swanson, which provides that she spent four hours preparing plaintiff's memorandum of fees and costs at $75/hr.  *See* ECF No. 34 at Exhibit 6.   The Court finds that such evidence is reasonable and sufficient to establish the hours worked.

Plaintiff's counsel timely submitted the required settlement conference brief.  The brief was thorough and in compliance with the Court's order.   At the April 3, 2024, scheduled settlement conference, plaintiff, and its counsel (Mr. Hart) were on time, ready to proceed, and thoroughly prepared to discuss the merits of the case.  The Court finds that the following 1.6 hours and $596 fees were not reasonably related, or could not be ascertained to be reasonably related, to the settlement conference or resulting memorandum of fees and costs:

1.      4/5/24 Hart entry for following up with defendant's counsel regarding outstanding settlement offer.   0.20hrs / $70.00
2.      3/26/24 Takos entry for unidentified conference with Mr. Hart. 0.40/$164

3. 3/06/24 Takos entry for unidentified conference with Mr. Hart. 0.10/$41
4. 03/06/2024 Hart Meeting with Zach Takos (no subject matter). 0.10h/$35.00
5. 01/30/2024 Takos Conference with Steven Hart (no subject matter). 0.10h/$41.00
6. 01/30/2024 Hart Meeting with Zach Takos (no subject matter). 0.10h/ $35.00
7. 01/29/2024 Hart Review and analyze substitution of attorney. 0.20h/$70.00
8. 01/10/2024 Hart Teleconference with client to multiple correspondence with opposing counsel regarding same. 0.40h/$140

*See* ECF No. 35 at Exhibit 7.

### 3. *Reasonableness of Costs*

Plaintiff requests $3,536.06 in costs related to the settlement conference proceedings and subsequent memorandum of fees and costs. Plaintiff has provided an itemized description of such costs together with receipts and other documentation, as well as a declaration from plaintiff's designated representative who traveled from out of state to attend the April 3, 2024, settlement conference. *See* ECF No. 35 at p. 3 and Exhibits 1-3. The Court finds the $1,600.00 claimed value of attendance of plaintiff corporate is not appropriate and does not award plaintiff such costs. Instead, the Court awards plaintiff a total of $1,936.06 in costs reasonable and necessarily incurred in connection with the settlement conference proceedings.

//

//

//

//

//

//

//

//

//

//

//

9

**CONCLUSION**

Defendant not only failed to show cause but also did not respond to plaintiff's *Memorandum of Costs and Fees* (ECF No. 35). "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Hunt v. Zuffa*, 528 F. Supp. 3d 1180, 1186 (D. Nev. 2021)(*citing Moreno v. City of Sacramento,* 534 F.3d 1106, 1116 (9th Cir. 2008)).  The Court awards plaintiff's $7,803.00 in reasonable attorneys' fees $1,936.06 in reasonable costs.

Based on the foregoing and for good cause appearing,

**IT IS ORDERED and ADJUDGED** that, pursuant to Fed. R. Civ. P. 16(f):

(1) Defendant AG Light and Sound, Inc. shall pay plaintiff $1,936.06 for plaintiff's reasonable costs by no later than **June 17, 2024**;

(2) Plaintiff are entitled to recover from defendant AG Light and Sound, Inc. $7,803.00 in reasonable attorneys' fees, but defendant's payment of such fees is deferred as follows: defendant shall pay plaintiff's $7,803.00 in reasonable attorneys' claims within 30 days after the entry of judgment on plaintiff's claims is filed. No interest shall accrue if the defendant pays within the timelines outlined in this Order.

Dated:  May 16, 2024

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge