Zachary P. Takos, Esq., Nevada Bar No. 11293
Steven R. Hart, Esq., Nevada Bar No. 15418
**TAKOS LAW GROUP, LTD.**
10785 West Twain Avenue, Suite 224
Las Vegas, Nevada 89135
Telephone: 702.658.1900
Facsimile: 702.924.4422
Email:  zach@takoslaw.com
             steven@takoslaw.com

*Counsel for Baxter Bailey & Associates Inc.*

Jacquelyn J. Kelley, Esq., Nevada Bar No. 14554
4660 Berg St., Suite 130
North Las Vegas, Nevada 89081

*Counsel for AG Light and Sound Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BAXTER BAILEY AND ASSOCIATES INC., a Mississippi corporation,<br><br>Plaintiff,<br><br>v.<br><br>AG LIGHT AND SOUND INC., a Nevada corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive;<br><br>Defendants. | Civil Case No: 2:22-cv-00794-MMD-VCF<br><br>**JOINT PRETRIAL ORDER** |

Pursuant to Local Rule 16-3, Plaintiff Baxter Bailey and Associates Inc. ("Baxter Bailey"), by and through its counsel of record, Takos Law Group, Ltd., and Defendant AG Light and Sound, Inc. ("AG"), by and through its counsel of record, Jacquelyn J. Kelley, Esq., submit this joint pretrial report.

After pretrial proceedings in this case,

IT IS ORDERED:

1

I.

This is an action for:

Breach of contract related to a shipping agreement between New Direx and Defendant AG. New Direx provides domestic trucking services for time-sensitive and high-value shipments. In or around October 2021, AG arranged for shipping services to be provided to it by New Direx for the transportation and delivery of staging equipment and materials for an event in Baytown, Texas. The services requested by AG were provided by New Direx. The equipment AG needed shipping was delivered in a timely manner and without issue. However, even though the New Direx's services were performed as agreed, AG did not remit payment in the amount of $91,000.00 related to the services. AG contests that such payment was not required because of a prior settlement agreement negotiated between AG and New Direx.

Plaintiff Baxter Bailey is a trucking and freight collections company. Baxter Bailey is the assignee of New Direx and is the holder and owner of the alleged outstanding debt for fees owed for the shipping services provided to AG by New Direx.

II.

Statement of Jurisdiction:

The United States District Court for the District of Nevada has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

The acts and events at issue in this complaint involve and relate to conduct and controversies that occurred in Clark County, Nevada. Defendant participated in, and/or continues to participate in, the activities that are at issue in this matter, which activities occurred in Clark County, Nevada. Additionally, Defendant regularly conducts business in Clark County, Nevada. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

III.

The following facts are admitted by the parties and require no proof:

2

- Plaintiff Baxter Bailey is, and at all relevant times was, a corporation duly organized under the laws of the state of Mississippi.
- Baxter Bailey is a trucking and freight collections company.
- Defendant AG is a corporation duly organized under the laws of the state of Nevada.
- AG is a production company that specializes in lighting, audio, video, staging, and design for live music events and festivals around the country.
- New Direx is trucking services and shipping company.

IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary ("undisputed"):

- In or around October 2021, AG arranged for shipping services to be provided to it by New Direx for the transportation and delivery of staging equipment and other materials for an event in Baytown, Texas known as "Freaky Deaky" from October 28, 2021 to October 30, 2021 ("Freaky Deaky").
- This shipping arrangement is documented through invoices provided to AG by New Direx.
- The equipment was timely transported, without issue, to AG's requested destination.
- New Direx fulfilled its obligations to AG as it related to services provided in Baytown, Texas.
- An Assignment of Rights between Baxter Baily and New Direx was executed on January 3, 2021, pursuant to which Baxter Bailey became the assignee of New Direx and is the holder and owner of the outstanding debt for fees owed for the shipping services provided to AG by New Direx.
- Throughout 2021, New Direx provided transport and shipping services to AG for several different events and/or projects around the United States, including Freaky Deaky.
- Beginning June of 2021, New Direx provided transport services on a different project referred to as "OTE" located in Atlanta, Georgia for Overtime Elite.

3

V.

The following are the issues of fact to be tried and determined at trial ("Disputed Facts"):

- It was AG's preference to pay New Direx's invoices as they were received, and in this case, deposit funds received from the client/vendor hosting "Freaky Deaky" were used to pay New Direx's older past due invoices related to "OTE".

- In or around September 2021, Overtime stopped paying AG on OTE.

- AG was unable to make payments on New Direx's past due invoices relating to OTE, issued on or around September 2021.

- In or around November of 2021, AG requested and received from New Direx, a Statement of Account showing all open outstanding invoices on all projects, to resolve the outstanding invoices relating to Freaky Deaky and OTE.

- In or around November 2021, AG entered into negotiation with New Direx regarding all outstanding invoices on AG's account at that time, to settle the outstanding amount owed to New Direx through OTE's request to settle and pay related to the services provided to AG.

- Andrew Gumper ("Mr. Gumper"), corporate representative of Defendant AG, has first-hand knowledge of the negotiations between AG and New Direx as a first-hand participant.

- It was determined between AG and its New Direx Representative that all jobs related to OTE accounted for $260,536.80.

- Mr. Gumper and representatives of New Direx, John Sampson and Larry Bretherton, worked together to reach a negotiation of all amounts owed to New Direx.

- On December 7, 2021, the outstanding balance open on AG's account totaling $260,536.80, was settled with New Direx in the amount of $189,000.00.

- On December 8, 2021, AG remit the $189,000.00 settlement check it received on OTE project to New Direx.

- Following this settlement, New Direx forwarded AG three (3) invoices related to the Freaky Deaky project that are the subject of this litigation, totaling $91,000.00.

4

- Mr. Andrew Gumper provided testimony that this matter was resolved.

**A. Plaintiff's View**

1. Breach of Contract (Plaintiff's First Cause of Action)

   The elements for a claim of breach of contract are: (1) Valid contract exists between plaintiff and defendant; (2) Defendant breached the contract or failed to render performance when it became due; (3) Defendant's breach or failure of performance was unexcused; (4) All conditions precedent to defendant's duty to perform were fulfilled by plaintiff or were excused; (5) Plaintiff was damaged by the breach; (6) causation and damages were a foreseeable consequence of a particular breach (causation being an essential element of liability).

   Questions of Fact:

   a. What was the contractual relationship, if any, between AG and New Direx?
   b. Is Baxter Bailey the assignee of New Direx and is the holder and owner of the outstanding debt for fees owed for the shipping services provided to AG by New Direx?
   c. Pursuant to the contractual relationship between the parties, if any, what were AG's responsibilities under the contractual agreement.
   d. Did AG fail to meet those obligations?
   e. Do any of AG's plead affirmative defenses relieve them from performance under the contractual agreement between the parties?

2. Obligation of Good Faith and Implied Covenant of Good Faith and Fair Dealing (Plaintiff's Second Causes of Action)

   The elements for a contract claim of breach of the covenant of good faith and fair dealing are: (1) Existence of a valid contract; (2) Every contract in Nevada contains an implied covenant to act in good faith in performance and enforcement of the contract;

5

Justifiable expectation by the plaintiff to receive certain benefits consistent with the spirit of the agreement; (3) Defendant performed in a manner that was in violation of or unfaithful to the spirit of the contract (the terms of the contract are complied with in a literal sense, but the spirit of the contract is breached); (4) Unfaithful actions by the defendant were deliberate; and (5) Causation and damages.

Questions of Fact:
  a. Were AG's actions in relation to the alleged contract unfaithful?
  b. If AG's action were unfaithful, were they deliberate?
  c. Were AG's action the cause of damages sustained by Baxter Bailey?

3. Unjust Enrichment (Plaintiff's Third Cause of Action)

In order to succeed on a claim for unjust enrichment, Plaintiff must show the absence of an express, written contract.

Questions of Fact:
  a. Was there an express, written contract between the parties?
  b. Did either party retain a benefit without payment of value for the same?

**B. Defendant's View**

1. Defendant Asserts the Affirmative Defense of Accord and Satisfaction as to All Plaintiff's Causes of Action.

The elements to establish an accord and satisfaction are: (1) a proper subject matter; (2) parties that are competent; (3) a meeting of the minds of the parties; and (4) consideration.
  a. Questions of Fact: Whether AG negotiated an agreement with Plaintiff to accept a certain payment amount from AG in exchange for resolution of all invoices due and owing.

a. Whether AG's debts, all open/unpaid invoices, with New Direx were settled through an agreed-upon arrangement between AG and New Direx?

b. Whether NewDirex's acceptance of the $189,000.00 OTE settlement as payment from AG, discharged AG's debts owed to New Dire.

6

b. Whether New Direx AG came to an agreement with New Direx wherein New Direx agreed to accept $189,000.00 as payment from AG for all open invoices. Whether the invoices totaling $91,000.00, which are the subject of the instant litigation, were satisfied and discharged when New Direx accepted the OTE settlement payment in the amount of $189,000.00.

c. Whether AG received and/or paid New Direx's invoices in question, which are the subject of the instant litigation, prior to the OTE settlement?

2. AG reserves the right to assert any and all of its plead Affirmative Defenses, as follows:

a. Plaintiff's Complaint, and all of the claims for relief alleged therein, fail to state a claim against Defendants upon which relief can be granted.
b. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.
c. Plaintiff's claims are barred, in whole or in part, by Plaintiffs bad faith in bringing this action including, but not limited to, its wrongful conduct.
d. Plaintiff has not been damaged directly, indirectly, proximately or in any manner whatsoever by any conduct of Defendant.
e. This answering Defendant is not in breach of any agreement with Plaintiff, and, thus, is not in default under the terms of any agreement with Plaintiff. If any party is in breach of any agreement, it is Plaintiff.
f. Plaintiff's claims are barred, in whole or in part, by doctrine of waiver.
g. Plaintiff's claims are barred, in whole or in part, by doctrines of promissory, equitable, and/or contractual estoppel.
h. Plaintiff's claims are barred, in whole or in part, on the ground that Defendant has fully complied with any and all agreements between the parties.
i. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or the applicable statute of limitations.
j. The damages, if any, which Plaintiff has suffered were caused, in whole or in part, by the acts or omissions of Plaintiff or his agents and representatives or were caused by the acts or omissions of a third party over whom Defendant has no control.
k. Plaintiff has failed to mitigate its damages.
l. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own bad faith, fraudulent acts, omissions and misrepresentations, whether intentional, negligent, or constructive.
m. Plaintiff is involved in conduct which, if carried to its fruition, would materially alter the parties' understanding, thereby releasing Defendant from any obligation under any alleged agreement.
n. Plaintiff, with full knowledge of all the facts connected with or relating to the transaction alleged in the Complaint, ratified and confirmed in all respects the acts of Defendants.

o. The claims, and each of them, are barred, in whole or in part, by the failure of the Plaintiff to plead those claims with particularity.
p. There existed no privity of contract between Plaintiff and Defendant, and the allegations in the Complaint which are based on an expressed or implied contract are, therefore, barred because of said lack of privity of contract.
q. Defendant did not commit any acts of oppression, fraud or malice, express or implied.
r. Plaintiff failed to perform its obligations under the agreement at issue and breached its obligations thereunder, thereby discharging Defendant's obligation to perform.
s. At all times relevant to this action, Defendant has acted in good faith under the terms of any written agreement that may exist or have existed between the Plaintiff and Defendant.
t. Plaintiff's claims are barred, in whole or in part, by the parol evidence rule.
u. Plaintiff did not confer any benefit upon Defendant.
v. There is no basis for recovery of costs or attorneys' fees by Plaintiff from Defendant.
w. Defendant has been required to retain the service of Aldrich Law Firm, Ltd. to defend against these claims and are entitled to an award of reasonable attorneys' fees and costs.
x. Plaintiff did not competently perform under the Contract.
y. Plaintiff's claims against this answering Defendant is barred by the Statue of Frauds.
z. Plaintiff has breached its agreements with Defendant, and consequently, Defendant is entitled to offset the damages suffered by Defendant against Plaintiff's claims.
aa. Plaintiff is not entitled to relief from or against Defendant, as Plaintiff has not sustained any loss, injury, or damage that resulted from any act, omission, or breach by Defendant.
bb. The claims have been brought without reasonable grounds and/or to harass Defendant.
cc. Defendant has acted reasonably and in good faith at all times material to this action, based upon all relevant facts and circumstances known by them at the time they so acted and, accordingly, Plaintiff is barred from any recovery in this action.
dd. Plaintiff was not injured or damaged in the manner or to the extent claimed by Plaintifff and/or such damages were not proximately caused by any actions or inactions on the part of Defendants.
ee. With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference all standards of limitation regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).
ff. Consideration of any punitive damages in this civil action would violate the due process clauses of the Fifth and Fourteenth Amendments to the United

       States Constitution and the due process provisions of the Nevada Constitution by allowing standard-less discretion to determine punishment and by depriving Defendants of prior notice of the consequences of their alleged acts.

gg. Punitive damages are a punishment, a quasi-criminal have not been afforded the specific procedural safeguards prescribed in the Nevada Constitution and the Fifth and Sixth Amendments to the United States Constitution.

hh. Plaintiff's claims against Defendants are barred by the doctrine of substantial compliance.

ii. Plaintiff should not be allowed to recover the relief requested in the Complaint because Plaintiff would be unjustly enriched.

jj. Pursuant to NRCP 8(c), all affirmative defenses may not have been alleged herein insofar as sufficient information was not available upon the time of filing this Answer. Therefore, Defendant reserves the right to amend this Answer to assert additional Affirmative Defenses as subsequent investigation warrants.

kk. Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, this answering Defendant reserves the right to amend this Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

## VI.

The following are the issues of law to be tried and determined at trial:

**A. Plaintiff View**

1. Did New Direx fulfill its obligations to AG?
2. Is Baxter Bailey the assignee of New Direx and is the holder and owner of the outstanding debt for fees owed for the shipping services provided to AG by New Direx?
3. Did AG fulfill its obligations to Baxter Bailey?
4. Are AG's affirmative defenses meritorious?

**B. Defendant's View**

1. Whether a valid and enforceable contract existed between AG and New Direx?
2. Whether a valid and enforceable contract existed between AG and Plaintiff?
3. Whether New Direx is the original owner of the debts incurred by AG?

9

4. Whether New Direx's November 19, 2021 email thread to AG that it modified or altered its invoice(s) to total $260,536.80 shows a meeting of the minds with their intent to settle AG's account with New Direx.

5. Whether New Direx's October 2021 email thread with AG that it modified or altered its invoice(s) to total $260,536.80 shows a meeting of the minds between the parties of their intent to settle AG's account with New Direx.

6. Whether New Direx's December 2021 email thread with AG shows a meeting of the minds with the intent to settle AG's account with New Direx.

7. Whether New Direx's November 2021 email thread with AG shows a meeting of the minds with the intent to settle AG's account with New Direx.

8. Whether New Direx had already negotiated a payment related to, and including, the amounts Plaintiff claims are now still owed – resulting in an accord and satisfaction.

9. Whether a settlement was struck with New Direx on all of AG's outstanding invoices pertaining to AG's account on December 7, 2021.

10. Whether an 'accord' was in fact performed?

11. Whether the 'satisfaction' of the new agreement to

12. Whether AG's offer to settle its debts with New Direx using the OTE project settlement funds was tendered as full satisfaction of all open invoices on AG's account.

13. Whether New Direx, original owner of AG's debts, knowingly accepted the OTE settlement payment under the terms of their agreement to settle?

VII.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

    (1)    Plaintiff's Exhibits

    The parties stipulate and agree to the admittance of all of Plaintiff's Exhibits with the exception of those objected to as indicated below.

    (2)    Defendant Exhibits

10

The parties stipulate and agree to the admittance of all of Defendant's Exhibits with the exception of those objected to as indicated below.

(b) As to the following additional exhibits, the parties have reached the stipulations stated:

    (1)    Plaintiff Exhibits

No stipulations have been entered or agreed to at this time.

    (2)    Defendant's Exhibits

No stipulations have been entered or agreed to at this time.

(c) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

    (1)    Plaintiff's Exhibits

Baxter Bailey expressly reserves the right to object to and/or oppose the evidence presented by AG at the time of trial. Baxter Bailey reserve their rights to use documents disclosed by AG in this case. Baxter Bailey also reserves its right to file its objections to AG's proposed exhibits.

| Description | Bates No. |
|---|---|
| Bills of Landing | BB00001-BB00019 |
| Past Due Emails (1) | BB00020-BB00021 |
| Past Due Emails (2) | BB00022-BB00023 |
| Waiver and Release of Lien (Overtime Elite) | BB00024 |
| Past Due Emails (3) | BB00025-BB00026 |
| Email Correspondence Regarding Sunset Trucks | BB00027-BB00032 |
| Unpaid Invoices | BB00033-BB00035 |
| Assignment of Rights to BBA from NewDirex | BB00036 |
| Email Correspondence Concerning Confirmation of Baytown Texas Job | BB00037- BB00057 |

    (2)    Defendant's Exhibits

AG expressly reserves the right to object to and/or oppose the evidence presented by Baxter Bailey at the time of trial. AG reserves its rights to use documents disclosed by Baxter Bailey in this case. AG also reserves its right to file its objections to Baxter

11

Bailey's proposed exhibits.

| No. | Exhibit Description |
|---|---|
| 01. | Complaint - filed May 19, 2022 |
| 02. | Defendant AG Light & Sound, Inc.'s Answer to Complaint |
| 03. | AG New Direx Quickbook Printout from Tammy **(Objection from Plaintiff)** |
| 04. | Unpaid Invoices claimed by New Direx totaling $90,100.00 |
| 05 | Freaky Deaky Invoices- Purchase Orders- Bill of Lading |
| 06 | Statement of Account – Requested by AG – Meant to be for AG's Account – not job specific. **(Objection from Plaintiff)** |
| 07. | Defendant's Motion for Summary Judgement – March 21, 2023 |
| 07a. | Plaintiff's Opposition to Defendant's Motion for Summary Judgement – April 11, 2023 |
| 07b. | Defendant's Reply to Plaintiff's Opposition – April 25, 2023 |
| 08. | Declaration of John Aldrich in Support of Def. MSJ March 21, 2023 |
| 08a. | Declaration in John Aldrich in Support – April 11, 2023 |
| 09 | Plaintiff's Motion for Summary Judgement – March 21, 2023 |
| 09a. | Defendant's Response to Plaintiff's Motion for Summary Judgement – April 11, 2023 |
| 09b. | Plaintiff's Reply in Support of Motion for Summary Judgement – April 25, 2023 |
| 10. | Defendants FRCP 26.1 Initial Disclosure served August 15, 2022 |
| 10a. | Defendants First Supp. to FRCP 26.1 List of Documents and Witnesses served March 2, 2023 |
| 11. | Plaintiff's Initial Disclosure pursuant to FRCP 26.1 served August 15, 2022 |
| 11a. | Plaintiff's 2nd Supp to FRCP 26.1 List of Documents and Witnesses served January 31, 2023 |
| 12. | Plaintiff's Responses to Interrogatories served November 11, 2023 |
| 12a. | Plaintiff's Response to Requests for Production served November 11, 2023 |
| 13 | Third Amended Notice of Deposition FRCP 30(b)(6) filed March 21, 2023 |
| 14. | Waiver and Release of Lien and Payment Bond Rights upon Final Payment signed by New Direx Jim Sampson**(Objection from Plaintiff)** |
| 15. | Assignment of Rights to Baxter Bailey and Associates effective January 03, 2021 |
| 16. | Email thread between Andrew and Aldrich re: Andrew and John Sampson dated Dec 27, 2021**(Objection from Plaintiff)** |
| 17. | Email to Andrew from Larry Bretheron dated November 19, 2021**(Objection from Plaintiff)** |
| 18. | Email thread between New Direx, AG and Disco Donnie and Baxter Bailey – re: job requests/ sending to collections/filing suit/trying to obtain payment etc. **(Objection from Plaintiff)** |

(d) Electronic evidence:

(1)  Plaintiff's

None. Plaintiff DOES NOT intent to present electronic evidence for purposes of jury deliberations.

(2)  Defendant's

None.

(e) Depositions:

(1)  Plaintiff Baxter Bailey will offer the following depositions:

Deposition of Andrew Gumper (all pages) will be offered against the Defendant

(2)  Defendant AG will offer the following depositions:

Deposition of Baxter Bailey's FRCP 30(b)(6) Witness , Marcus Sherwood will be offered against Plaintiff.

Deposition of AG's FRCP 30(b)(6) witness, Andrew Gumper will be offered against Plaintiff.

(f) Objections to Depositions:

(1) Plaintiff objects to Defendant's depositions as follows:

Plaintiff objects to introduction of all such depositions in the event that their testimony has not first been attempted to be secured pursuant to FRCP 45 or otherwise.

(2) Defendant objects to Plaintiff's depositions as follows:

Defendant objects to introduction of all such depositions in the event that their testimony has not first been attempted to be secured pursuant to FRCP 45 or otherwise.

## VII.

The following witnesses may be called by the parties at trial:

(a)  Plaintiff

13

1. Person(s) Most Knowledgeable for Baxter Bailey & Associates Inc.
   c/o Takos Law Group, Ltd.
   10785 West Twain Avenue, Suite 224
   Las Vegas, NV 89135
   702.658.1900

2. Person(s) Most Knowledgeable for AG Light and Sound Inc.
   c/o Jacquelyn J. Kelley, Esq., Nevada Bar No. 14554
   4660 Berg St., Suite 130
   North Las Vegas, Nevada 89081

3. Andrew Gumper
   Jacquelyn J. Kelley, Esq., Nevada Bar No. 14554
   4660 Berg St., Suite 130
   North Las Vegas, Nevada 89081

4. Person(s) Most Knowledgeable for Overtime Elite
   230 17th St NW,
   Atlanta, GA 30363

5. Person(s) Most Knowledgeable for New Direx
   239 Laurel Rd
   East Northport, NY 11731

6. Any and all witnesses identified by any other party to this litigation.

(b) Defendant

1. Person(s) Most Knowledgeable for AG Light and Sound, Inc.
   c/o General Counsel, Jacquelyn J. Kelley, Esq.
   4660 Berg Street, Suite 130
   North Las Vegas, NV 89081

2. Andrew Gumper – President and FRCP 30(b)(6) witness
   c/o General Counsel, Jacquelyn J. Kelley, Esq.
   4660 Berg Street, Suite 130
   North Las Vegas, NV 89081

3. Tammy Denney – Office Manager
   c/o Jacquelyn J. Kelley, Esq.
   4660Berg Street, Suite 130
   North Las Vegas, NV 89081.  **(Objection from Plaintiff)**

4. Persons(s) Most Knowledgeable for New Direx, Inc.
   239 Laurel Rd.
   East Northport, NY 11731

14

5. Person(s) Most Knowledgeable for Baxter Bailey and Associates Inc.
   c/o Takos Law Group, Ltd.
   10785 West Twain Avenue, Suite 226
   Las Vegas, NV 89135

6. Person(s) Most Knowledgeable for Overtime Elite
   230 17th St NW,
   Atlanta, GA 30363

7. Joseph J. Clayton
   c/o Takos Law Group, Ltd.
   10785 West Twain Avenue, Suite 226
   Las Vegas, NV 89135

8. John Sampson
   New Direx, Inc.
   239 Laurel Rd.
   East Northport, NY 11731

9. Troy Sampson
   New Direx, Inc.
   239 Laurel Rd.
   East Northport, NY 11731 **(Objection from Plaintiff)**

10. Any and all witnesses identified by any other party to this litigation.

VIII.

On June 21, 2024, the Court issued (Docket No. 48) an Order setting the Bench Trial in this matter for February 11, 2025, at 9:00 AM in Courtroom to be determined before Chief Judge Miranda M. Du.

The Order further provided the Calendar Call is set for January 21, 2025 at 09:00 AM in Reno Courtroom 5 before Chief Judge Miranda M. Du, the Parties' Exhibit Lists and Proposed Findings of Fact and Conclusions of Law are due by February 4, 2025; and their Trial Briefs are due by February 4, 2025.

The Parties do not object to the Court's Trial Scheduling.

\\\
\\\
\\\

IX.

It is estimated that the trial will take a total of 1 to 2 days.

| | |
|---|---|
| DATED this 11th day of July, 2024. | DATED this 11th day of July, 2024. |
| **TAKOS LAW GROUP, LTD.** | **JACQUELYN J. KELLEY, ESQ** |
| _/s/ Steven R. Hart_<br>Steven R. Hart, Esq., Nevada Bar No. 15418<br>10785 West Twain Avenue, Suite 224<br>Las Vegas, Nevada 89135 | _/s/Jacquelyn J. Kelly_<br>Jacquelyn J. Kelley, Esq., NV Bar No. 14554<br>4660 Berg St., Suite 130<br>North Las Vegas, Nevada 89081 |
| _Counsel for Plaintiff_ | _Counsel for Defendant_ |

X.

ACTION BY THE COURT

This case is set for a court trial on the fixed/stacked calendar on February 11, 2025, at 9:00 A.M. Calendar call will be held on January 21, 2025, at 9:00 A.M. This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: July 17, 2024.

_____
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Subject:** | Re: Re: |
| **Date:** | Thursday, July 11, 2024 at 12:23:53 AM Pacific Daylight Time |
| **From:** | Jacquelyn Kelley |
| **To:** | Steven Hart, Monika Nawrot, Zachary Takos |
| **CC:** | brianna@takoslaw.com |
| **Attachments:** | image001.jpg, image002.jpg, 2024.07.10_Joint Pretrial Order (Baxter Bailey) v4(SRH Edits)CLEAN_(jjk revised).docx |

Hi Steven,

It was a pleasure speaking with you this afternoon. I made some formatting adjustments and corrected some grammatical errors to the attached copy of your Clean final. Also, I included language on page 15 regarding the Court's Bench Trial setting and Scheduling Order and that we have no objection to the same.

If all appearing okay to you, please proceed with affixing my electronic signature to the attached Joint Pretrial Order to submit to the Court.

Thank you,
Jacquelyn

---

**From:** Steven Hart <steven@takoslaw.com>
**Date:** Wednesday, July 10, 2024 at 5:55 PM
**To:** Jacquelyn Kelley <jkelley@ag.tc>, Monika Nawrot <mnawrot@ag.tc>, Zachary Takos <zach@takoslaw.com>
**Cc:** brianna@takoslaw.com <brianna@takoslaw.com>
**Subject:** Re: Re:

Jacquelyn,

Per our phone conversation this evening, please see attached redline and clean final. Please let me know if you have any further changes or if I may e-sign for you and file with the Court.

Sincerely,

Steven R. Hart, Esq.



10785 West Twain Avenue, Suite 224
Las Vegas, Nevada 89135
T: 702.658.1900
F: 702.924.4422

CONFIDENTIALITY NOTICE: This email may contain information which is privileged, confidential, and protected by the attorney-client privilege and/or the attorney work product doctrine. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this communication in error, please destroy it and notify me immediately.

IRS CIRCULAR 230 NOTICE: To ensure compliance with Internal Revenue Service requirements, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or tax-related matter(s) addressed herein.