UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BAXTER BAILEY AND ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AG LIGHT AND SOUND, INC., <br><br> Defendant. | Case No. 2:22-cv-00794-MMD-VCF <br><br> ORDER |

This action involves a dispute about payment of debt owed for delivery of materials and equipment that Defendant AG Lighting and Sound, Inc. ("AG") provided for a Halloween event referred to as Freaky Deaky. New Direx Incorporated provided the delivery services and later assigned its rights to collect on any debt owed to Plaintiff Baxter Bailey and Associates ("Bailey"), who filed this case to attempt to collect on that debt. (ECF No. 1.) Trial is set for February 13 and 14, 2025. (ECF No. 57.) Before the Court is AG's second[1] motion to continue the trial.[2] (ECF No. 58 ("Motion").) Like Bailey, the Court expresses its sincere and utmost sympathy to AG's counsel. But as further explained below, the Court will deny the Motion—and trial will proceed as scheduled.

AG's counsel primarily argues that the Court should continue the trial because she continues to suffer from significant mental and physical health challenges that have rendered her basically unable to keep up with the work required to represent her client throughout her involvement in this case and asks for as long a continuance as the Court will permit because she continues to suffer from these health issues. (ECF No. 58.)

---

[1] The Court denied a similar, oral motion that AG's counsel made at calendar call. (ECF No. 57.)

[2] Bailey filed a response. (ECF No. 59.)

Bailey's response hits the right note because it leads with sympathy for AG's counsel's plight. (ECF No. 59.) Again, the Court similarly feels sympathetic towards AG's counsel and hopes she can get the help she needs. But Bailey makes several persuasive arguments as to why the Court should not further delay the trial. Bailey first argues that AG, not just its counsel, has been responsible for repeated delay in this case and bears some responsibility for choosing to be represented by its own employee who cannot keep up with the work required. (*Id.* at 3-4.) Bailey next argues it is unfortunately unclear from the Motion how a continuance would be helpful. (*Id.* 4-5.) And Bailey finally argues, after noting that further delay would prejudice it, that the parties and the Court would have been better able to address the issues arising from AG's counsel's health issues if they were fully disclosed months ago instead of at the calendar call. (*Id.* at 5-6.) The Court agrees with Bailey.

A scheduling order has been in place in this case for some time. Indeed, it was most recently extended in December 2022. (ECF No. 14.) This case has also been set for trial since June 21, 2024. (ECF No. 47.) Thus, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). AG has not shown good cause to further modify the schedule.

AG's conduct (not just its counsel's) has caused substantial delay throughout this case. AG failed to timely submit a settlement brief even after United States Magistrate Judge Maximiliano D. Couvillier, III gave it several chances. (ECF Nos. 23, 28, 29, 30, 31, 32.) What's worse, AG never sent an appropriate client representative to the conference. (ECF No. 32.) This led Judge Couvillier to recommend that AG be held in contempt and later to impose monetary sanctions. (ECF Nos. 33, 34, 36, 39.) Judge Couvillier imposed those sanctions on AG, not its counsel. (ECF No. 39.) Judge Couvillier's imposition of monetary sanctions led the Court to decline to hold AG in contempt—reflecting lenience on the Court's part and in AG's favor. (ECF No. 44.) AG then missed the deadline to file the joint pretrial order and the Court had to issue several orders before ultimately setting the case for trial despite AG's persistent noncompliance.

(ECF Nos. 38, 43, 46, 49, 51, 52.) AG then missed the deadline to respond to Bailey's motion in limine, leading the Court to grant it. (ECF No. 56.) AG even missed the deadline to file the Motion the Court imposed at a hearing earlier this week. (ECF Nos. 57, 58.) The Court is nonetheless entertaining the Motion on its merits. And more broadly, the Court has given AG many chances to comply with various orders—only for AG to miss more deadlines.

Further delay harms Bailey and continues to benefit AG. After all, Bailey filed this case to collect on a debt it contends AG still owes. (ECF Nos. 1 (Complaint), 22 (denying both sides' motions for summary judgment).) AG contends it does not owe the debt. (ECF No. 22 at 2.) More delay means that AG has not paid the debt that Bailey contends it owes. At some point, the delay must end, and the Court must resolve this dispute. And in general, the prejudice that Bailey suffers from continued delay also weighs in favor of denying the Motion.

It is also unfortunate but notable that nothing in the Motion suggests an alternate path that could lead this case to final resolution. Indeed, AG requests nothing more than as much delay as the Court will allow. But because it is unclear how further delay would resolve any of the issues AG's counsel lays out in the Motion, the Motion does not demonstrate good cause for further delay.

Moreover, the Court would have been better able to address some of the issues raised in the Motion if they had been presented to the Court earlier. But the fact that they were not fully raised until after calendar call further weighs in favor of denying the Motion.

Finally, the Court agrees with Bailey's counsel that the issues presented for the Court to resolve at the scheduled bench trial are not complex. The Court already informed the parties that it will not entertain opening arguments and that the parties may start the trial with witness testimony. Trial is expected to last no more than two days. Plaintiff plans to call two witnesses. And even if AG plans to call the same number of witnesses that counsel identified during calendar call, their testimonies will unlikely be lengthy. In other

words, the time remaining until the scheduled trial should allow for AG and its counsel to adequately prepare.

In sum, the Court denies the Motion because AG has not shown good cause for a continuance.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant AG's second motion to continue the trial (ECF No. 58) is denied.

It is further ordered that the trial will commence as scheduled on February 13, 2025. (*See* ECF No. 57.)

DATED THIS 24th Day of January 2025.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4